IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelly Bruton, ) | C/A No. 0:13-346-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Kelly Bruton ("Bruton"), a self-represented state prisoner, filed a Complaint in the Court of Common Pleas in Richland County asserting state law claims. The defendant removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446, indicating that Bruton's Complaint arises under 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 7.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Bruton of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 9.) In response to the defendant's motion, Bruton filed a motion to remand this matter to state court. (ECF No. 11.) The defendant responded. (ECF No. 14.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be denied and Bruton's motion for remand should be granted.

## BACKGROUND

Bruton's Complaint states that on September 23, 2011, he slipped on an unmarked wet spot on the floor and that employees of the defendant were grossly negligent in failing to take necessary

precautions, to assist him after he fell, and to properly report the incident. He also alleges that the employees were grossly negligent with regard to his medical care, or lack thereof, and in failing to have a written policy addressing medical care during lockdown. Bruton specifically states that his claims are pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq.

## DISCUSSION

The defendant has moved to dismiss this action arguing that the defendant is not a "person" subject to suit under 42 U.S.C. § 1983 and that the defendant is immune from suit under 42 U.S.C. § 1983. In response, Bruton filed a motion to remand, stating that his Complaint only raises state law claims. Further, while his Complaint includes a statement that the "the acts of the Defendant were clearly against statutory and constitutional law . . .," Bruton indicates that the statement was referring to the state constitution and state law. Further, Bruton argues that the defendant is not subject to suit in federal court absent express waiver and that he made no reference in his Complaint to a civil rights claim or violation of federal law. In response, the defendant appears to attempt to support its position that Bruton's Complaint was properly removed and argues that to the extent that Bruton claims the defendant violated the state constitution, such a claim will not survive under the South Carolina Tort Claims Act.

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's



claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

Upon review of the Complaint in this case, the court finds that Bruton's well pleaded Complaint does not raise any federal claims over which this court would have original jurisdiction.[1] Contrary to the defendant's assertion, Bruton's Complaint does not appear to allege a civil rights claim or allege that the defendant or its employees were deliberately indifferent. Therefore, this matter should be remanded.

Moreover, even if the court were to liberally construe Bruton's Complaint to contain a federal cause of action, Bruton's subsequent filing unequivocally disavows any such claim and indicates that he is only raising state law claims of gross negligence under the South Carolina Tort Claims Act against the defendant. The court may exercise its discretion to decline to exercise supplemental jurisdiction over Bruton's state law claims and remand the case to state court under 28 U.S.C. § 1367(c). See § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (discussing a court's discretion and balancing factors in decision whether to exercise pendent jurisdiction after

---

[1] It is undisputed that diversity jurisdiction is not at issue.

PJG

removal). In light of Bruton's representations that no federal claims are being raised against the defendant and based on the current posture of this case, the court should exercise its discretion to remand the state law claims pursuant to 28 U.S.C. § 1367(c).

## RECOMMENDATION

For the foregoing reasons, the court recommends that Bruton's motion to remand be granted and that this matter be remanded to state court. Further, the court recommends that the defendant's motion to dismiss and Bruton's motion to stay be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 30, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).